UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FENG LUO, JUN YANG, and YI YOU WANG,
Individually and on Behalf of All Other Persons Similarly
Situated,

Case No. 1:13-cv-03703-FB-SMG

Plaintiffs,

-against-

XIAO DU HUI CUISINE INC, d/b/a SHIAO DU HUI
RESTAURANT, CHUN M. SIEW, and
"JOHN DOE" and "JANE DOE" as PRINCIPALS of
XIAO DU HUI CUISINE INC, d/b/a SHIAO DU HUI
RESTAURANT,

Defendants.
----------------------------------------------------------------X

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

1. The parties to this Negotiated Settlement Agreement and General Release (the "Agreement") are Feng Luo, Jun Yang, and Yi You Wang ("Plaintiffs") and Long Sheng Restaurant d/b/a Xiao Dui Hui Restaurant, (Improperly captioned as Xiao Dui Hui Cuisine), Wen Guang Chen (Owner of Long Sheng Restaurant d/b/a Xiao Dui Hui Restaurant), and Shi Jing Chen (Manager of Long Sheng Restaurant d/b/a Xiao Dui Hui Restaurant) (Collectively "Defendants"). The Agreement is the product of negotiation and compromise between Plaintiffs and Defendants.

2. Plaintiffs and Defendants have chosen to enter into this Agreement in order to avoid further proceedings with respect to certain claims Plaintiffs have made against Defendants in the United States District Court for the Eastern District of New York, Case No. 1:13-cv-03703-FB-SMG.

3. Plaintiffs and Defendants understand and agree that Defendants deny every allegation of wrongdoing made by Plaintiffs in the above-captioned matter currently pending in the United States District Court for the Eastern District of New York, Case No. 1:13-cv-03703-FB-SMG, including but not limited to Plaintiffs' claims of failure to pay minimum and overtime wages.

4. Plaintiffs and Defendants understand and agree that the making of this Agreement shall not, in any way, be construed or considered an admission by Defendants of guilt or non-compliance with any federal, state or local law, or of any other wrongdoing whatsoever.

5. In exchange for the promises made by Defendants herein, Plaintiffs, Plaintiffs' heirs, executors, administrators, fiduciaries, successors and/or assigns:

    a. agree to the dismissal, with prejudice and without an award of costs or attorneys' fees, of the complaint filed in the Litigation; and

    b. unconditionally and irrevocably give up and release, to the full extent permitted by law, Defendants, Defendants' past, present and future direct or indirect parent organizations, subsidiaries, divisions, affiliated entities, and its and their partners, officers, directors, trustees, administrators, fiduciaries, employment benefit plans and/or pension plans or funds, executors, attorneys, employees, former employees and/or agents, insurers, reinsurers and their successors and assigns individually and in their official capacities (collectively referred to herein as "Released Parties" or "Released Party"), jointly and severally, of and from all claims, known or unknown, that Plaintiffs have or may have against Released Parties as of the date of execution of this Agreement including, but not limited to, those claims set forth in the Litigation, or otherwise arising out of Plaintiffs' employment or termination of employment, or any alleged violation of:

- The Fair Labor Standards Act of 1938;
- The National Labor Relations Act;
- Title VII of the Civil Rights Act;
- Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Immigration Reform Control Act;
- The Americans with Disabilities Act;
- The Rehabilitation Act;
- The Age Discrimination in Employment Act;
- The Occupational Safety and Health Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- Worker Adjustment and Retraining Notification Act;
- Employee Polygraph Protection Act;
- The employee (whistleblower) civil protection provisions of the Corporate and Criminal Fraud Accountability Act (Sarbanes-Oxley Act);
- The New York State Constitution;
- The New York Human Rights Law;
- New York Executive Law § 290 et seq.;
- The New York City Human Rights Law;
- New York City Charter and Administrative Code, Title VIII, § 8-107 et seq.;
- The New York Civil Rights Law;
- New York Civil Rights Law § 1 et seq.;
- The New York Equal Pay Law;
- New York Labor Law §§ 194-198;
- The New York Whistleblower Law;
- New York Labor Law § 740 et seq.;
- The New York Legal Activities Law;
- New York Labor Law § 201-d;
- The non-discrimination and/or anti-retaliation provisions of the New York Workers' Compensation Law;
- New York Workers' Compensation Law § 120 and § 125 et seq.;
- New York Labor Law § 190 et seq.;
- The New York occupational safety and health laws;
- The New York wage-hour and wage-payment laws,
- any other federal, state or local civil rights law, whistle-blower law or any other local, state or federal law, regulation or ordinance;
- any public policy, contract (oral, written or implied), tort, constitution or common law;
- any claims for vacation, sick or personal leave pay, short term or long term disability benefits, or payment pursuant to any practice, policy, handbook or

3

manual of Employer; or
- any basis for costs, fees, or other expenses including attorneys' fees.

Plaintiffs understand this release includes all claims related in any manner to Plaintiffs' employment or the cessation of that employment. Plaintiffs further understand that Plaintiffs are hereby releasing any known or unknown claims for or alleged rights to discovery of information or documents of Released Parties.

If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any Released Party identified in this Agreement is a party.

c. Plaintiffs affirm that Plaintiffs are not a party to, and that Plaintiffs have not filed or caused to be filed, any claim, complaint, or action against Released Parties in any forum or form, except the Litigation. Plaintiffs further affirm that Plaintiffs have reported all hours worked as of the date of this Agreement and have been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which Plaintiffs may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to Plaintiffs, except as provided in this Agreement. Plaintiffs furthermore affirm that Plaintiffs have no known workplace injuries or occupational diseases and have been provided and/or has not been denied any leave requested under the Family and Medical Leave Act. Plaintiffs acknowledge that because of circumstances unique to Plaintiffs, including but not limited to, irreconcilable differences with Released Parties, Plaintiffs agree not to seek employment with Released Parties in the future. Plaintiffs further affirm

4

Plaintiffs have not complained of and are not aware of any fraudulent activity or any act(s) which would form the basis of a claim of fraudulent or illegal activity of Released Parties.

Plaintiffs affirm that all of the Released Parties' decisions regarding Plaintiffs' pay and benefits through the date of Plaintiffs' separation of employment were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

6. To the extent permitted by law, Plaintiffs agree not to disclose, either directly or indirectly, any information whatsoever relating to the existence or substance of the Agreement, this Litigation, patient information or confidential and/or proprietary information regarding the business of Defendants, or any current or former employees of Defendants to any person or entity, including, but not limited to, members of the media, present or former employees of Defendants and/or attorneys or private investigators representing other employees or entities. Plaintiffs, however, may disclose the terms of the Agreement to: (i) Plaintiffs' spouses and accountants and/or counsel with whom Plaintiffs choose to consult or seek advice regarding Plaintiffs' consideration of the decision to execute the Agreement, provided, however, that those to whom Plaintiffs make such disclosure agree to keep such information confidential and not disclose it to others; or (ii) if required to do so by any regulatory body or agency. Upon inquiry regarding this proceeding, Plaintiffs shall either not respond or state only that it has been resolved.

In the event Plaintiffs or Plaintiffs' counsel believe either are compelled to provide or disclose information described in this paragraph, they will provide written notice of such belief, via facsimile and mail, to Justin L. Heiferman, Esq., The Kasen Law Firm, PLLC,

136-20 38th Ave, Flushing, NY 11354 (facsimile no. 718-679-9597), no later than seven (7) business days prior to said production or disclosure.

This Agreement shall not be filed with any court and shall remain forever confidential except in an action to enforce or for breach of this Agreement. If Plaintiffs assert an action to enforce this Agreement or for breach of this Agreement, Plaintiffs shall maintain such confidentiality by whatever means necessary, including, but not limited to, submitting the Agreement to a court under confidential seal.

7. In the event either Plaintiffs or Defendants breaches any provision of this Agreement, Plaintiffs and Defendants agree that either may institute an action against the other to specifically enforce any term or terms of this Agreement, in addition to any other legal or equitable relief permitted by law. In the event that any provision of this Agreement is declared illegal or unenforceable by a court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Moreover, if any such provision determined to be invalid, illegal or unenforceable can be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal and enforceable.

8. Plaintiffs agree not to defame, disparage, or demean Released Parties in any manner whatsoever.

9. In exchange for the promises made by Plaintiffs and execution of this Agreement, Defendant Long Sheng Restaurant d/b/a Xiao Dui Hui Restaurant agrees to pay the sum of Twenty-Seven Thousand Dollars and Zero Cents ($27,000.00), as set forth in paragraph 10, in full and final settlement of all claims for wages, personal injury, compensatory and

punitive damages or attorneys' fees and disbursements, known or unknown, asserted or unasserted, including, but not limited to, claims for emotional distress, pain and suffering, legal or equitable relief, reinstatement, back or front pay, lost benefits, statutory claims, common law claims, contract claims (express, written or implied), and costs of this action.

10. The sum referred to in paragraph 9 shall be paid in three installments of Nine Thousand Dollars ($9,000) as follows: (i) the first payment paid upon Defendants' counsel's receipt of the executed Agreement signed by Plaintiffs and Plaintiffs' counsel; (ii) the second payment paid upon the Court's approval of the Agreement and stipulation of dismissal; and (iii) the third payment paid within 30 days after the Court approves the Agreement and stipulation of dismissal. This amount will be sent to and held in escrow by the Law Office of Thomas D. Gearon, P.C., until the full sum of $27,000 is paid by Defendants.

11. Plaintiffs agree that Plaintiffs are responsible for all applicable taxes, if any, as a result of the receipt of these monies. Plaintiffs understand and agree Defendants are providing Plaintiffs with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiffs agree to indemnify Defendants and hold Defendants harmless for all taxes, penalties and interest, withholding or otherwise, for which Defendants may be found liable as a consequence of having paid monies to Plaintiffs pursuant to this Agreement. It is expressly agreed that if Defendants are required to provide payments for taxes or interest or penalties to any taxing authority, Plaintiffs shall reimburse Defendants for such payments to such taxing authority within ten (10) days after Defendants notify Plaintiffs, in writing, via certified mail, return receipt requested, that it has incurred such liability.

12. Subject to Plaintiffs' other personal and professional obligations and on reasonable notice and at reasonable times, Plaintiffs will cooperate with Defendants and their counsel in connection with any investigation, administrative or regulatory proceeding or litigation relating to any matter in which Plaintiffs were involved or of which Plaintiffs have knowledge as a result of Plaintiffs' employment with Defendant and/or any Released Party or Released Parties.

13. This Agreement sets forth the entire agreement between the Plaintiffs and Released Parties hereto, and fully supersedes any prior or contemporaneous agreements or understandings between Plaintiffs and Released Parties; provided, however, that this Agreement does not supersede or affect any confidentiality, non-disclosure, non-compete, invention, assignment of proprietary rights, or non-solicitation agreement(s) signed by Plaintiffs. The obligations of such agreements remain in full force and effect and Plaintiffs expressly acknowledges Plaintiffs' intent to adhere to the promises contained in those agreements Plaintiffs also acknowledges that Plaintiffs have not relied on any representation, promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

14. This Agreement may not be modified except upon express written consent of both parties wherein specific reference is made to this Agreement.

15. Plaintiffs hereby confirm that they have been afforded twenty-one (21) days to consider the Parties' Settlement Agreement and Release Of Claims and this General Release, and they has been advised in writing to consult with an attorney of Plaintiffs' choosing prior to executing the Settlement Agreement and Release Of Claims and this General Release. Plaintiffs may revoke the accompanying Settlement Agreement and Release Of Claims and this

General Release for a period of seven (7) calendar days following the day Plaintiffs sign the accompanying Settlement Agreement and Release Of Claims and this General Release. Any revocation within this period must be submitted, in writing to, Justin L. Heiferman, Esq., The Kasen Law Firm, PLLC, 136-20 38th Ave, Flushing, NY 11354, and state, "I hereby revoke my acceptance of our settlement agreement and general release." This revocation must be personally delivered to Mr. Heiferman or his designee, or mailed to Justin L. Heiferman, Esq., The Kasen Law Firm, PLLC, 136-20 38th Ave, Flushing, NY 11354, and postmarked within seven (7) calendar days after the day Plaintiffs sign this General Release and the accompanying Settlement Agreement and Release Of Claims.

Plaintiffs agree that any modifications, material or otherwise, made to this General Release or the accompanying Settlement Agreement and Release Of Claims, do not restart or affect in any manner the original up to twenty-one (21) calendar day consideration period.

16. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provisions.

IN WITNESS WHEREOF, the Plaintiffs and Defendants hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 8/20/13          BY: _Luo Feng_____
                              FENG LUO, Plaintiff

Dated: 8/20/13          BY: _Jun Yang_____
                              JUN YANG, Plaintiff

Dated: 8/20/13          BY: _Yi You Wang_____
                              YI YOU WANG, Plaintiff

Dated: 8/20/13          BY: _____
                              Thomas D. Gearon, Esq.
                              Counsel For Plaintiffs

Dated: 8/26/13          BY: _____
                              WEN GUANG CHEN on behalf of
                              Long Sheng Restaurant d/b/a Xiao Dui Hui
                              Restaurant

Dated: 8/26/13          BY: _____
                              Justin L. Heiferman, Esq.
                              Counsel For Defendants

Confidential Settlement Agreement And General Release Xiao Du Hui.doc